# MILMAN LABUDA LAW GROUP PLLC
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

March 16, 2017

<u>VIA ECF</u>
Hon. Vera M. Scanlon, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Courtroom N504
Brooklyn, NY 11201-1804

> Re:     **Pinenda v. TNS Auto Collision, Inc.,** *et al.*
>         **Civil Case No.: 1:16-cv-3962 (RRM) (VMS)**
>         <u>**MLLG File No.: 241-2016**_____</u>

Dear Judge Scanlon:

This firm represents the Defendants in the above-referenced matter. Defendants, recently retained by new counsel, write pursuant to Rule 15 of the Federal Rules of Civil Procedure (hereinafter referred to as "Rule") requesting leave to amend their answer.

Defendants respectfully request leave to amend their answer in this case primarily to add affirmative defenses and a jury demand. (A copy of the proposed Amended Answer is annexed hereto as Exhibit "A"). Additionally, Defendants – upon further inquiry with your undersigned – have amended some responses to the allegations. At the parties' last status conference on January 25, 2017, the parties agreed that Defendants would file the instant letter motion and Plaintiff would be given an opportunity to respond in accordance with this Court's Individual Motion Practices & Rules (hereinafter "Individual Rules"). <u>See</u> Individual Rule III(b).

Rule 15(a)(2) provides that the court should freely give leave [for a party to amend its pleadings] when justice so requires. <u>See</u> Fed. R. Civ. P. 15(a)(2). "This permissive standard is consistent with [the Second Circuit's] strong preference for resolving disputes on the merits." <u>See</u> <u>Williams v. Citigroup, Inc.</u>, 659 F.3d 208, 212-13 (2d Cir. 2011) (citation and internal quotations omitted). Leave to amend under Rule 15 may be denied "for good reason, including futility, bad faith, undue delay or undue prejudice to the opposing party." <u>See</u> <u>Kintetsu World Express (USA), Inc. v. Johnson Controls Inc.</u>, 2015 WL 9273942, at *3 (E.D.N.Y. Dec. 17, 2015) (citing <u>McCarthy v. Dun & Bradstreet Corp.</u>, 482 F.3d 184, 200 (2d Cir. 2007); <u>Foman v. Davis</u>, 371 U.S. 178, 182-83 (1962)); <u>accord</u> <u>TechnoMarine SA v. Giftports, Inc.</u>, 758 F.3d 493, 505 (2d Cir. 2014).

Here, Defendants respectfully submit that there is no good reason to deny Defendants' request to amend the answer.

Hon. Vera M. Scanlon, U.S.M.J.
United States District Court Eastern District of New York
March 16, 2017
Page | 2

First, amending the answer would not be futile, as Defendants seek to assert additional affirmative defenses and Defendants are entitled to defend themselves.  This action is a hybrid federal and state wage-and-hour claim under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").  The Corporate Defendants operate (and operated) on a block in which numerous other automobile body shops are located.  At all relevant times, the Corporate Defendants were separately owned, managed, and operated.  Moreover, there is a dispute as to whether the Corporate Defendants earned the requisite annual $500,000.00 in gross receipts.  Neither can Plaintiff seek refuge in the individual coverage provision of 29 U.S.C. § 207(a) to establish coverage under the FLSA in this action, because Plaintiff did not engage in the movement of good in interstate commerce, nor did he make communications regarding same.

Second, Defendants are seeking to amend the answer in good faith in an effort to properly defend themselves, and have previously discussed their request with Plaintiff.

Third, Defendants have not unduly delayed in seeking an amendment.  Upon retaining new counsel, Defendants immediately conferred with Plaintiff regarding the issues outlined herein and filed this motion after being given an opportunity to consult with each of the three (3) Corporate Defendants in this matter.

Fourth, Plaintiff will not be unduly prejudiced as he has known about these defenses since the parties' status conference on January 25, 2017 and has had (and still has) sufficient time to litigate these defenses.

Accordingly, Defendants should be granted leave to amend their answer.  Defendants thank the Court for its time and attention to this matter.

Dated: Lake Success, New York
        March 16, 2017

                                              Respectfully submitted,

                                              **MILMAN LABUDA LAW GROUP, PLLC**


                                              _____/s_____
                                              Emanuel Kataev, Esq.
                                              Milman Labuda Law Group, PLLC.
                                              3000 Marcus Avenue, Suite 3W8
                                              Lake Success, NY 11042-1073
                                              (516) 328-8899 (office)
                                              (516) 328-0082 (facsimile)
                                              emanuel@mllaborlaw.com

cc:     Plaintiff – via ECF.
        Client – via e-mail.