## AMENDMENT TO SETTLEMENT AGREEMENT AND RELEASE DATED SEPTEMBER 18, 2017

This is an Amendment to the Settlement Agreement and Release dated September 18, 2017 (hereinafter the "Amendment") between TNS Auto Collision, Inc. (hereinafter "TNS Auto"), 63 Auto Body LLC (hereinafter "63 Auto"), TNS Auto Group Inc. (hereinafter "TNS Group") (TNS Auto, 63 Auto, and TNS Group collectively hereinafter the "Corporate Defendants"), Parmeshwar Jugistir (hereinafter "Jugistir"), and Wei Feng Zhu (hereinafter "Zhu") (Jugistir and Zhu hereinafter collectively the "Individual Defendants"), and the Corporate Defendants' respective parents, subsidiaries, affiliates, successors, assigns, divisions, past and present officers, owners, shareholders, directors, principals, employees, former employees, representatives, service providers, counsel, and/or agents (whether in their personal or official capacity), and each of their respective successors and assigns, on the one hand (collectively, the "Defendants"), and Gabino Umana Pinenda (hereinafter "Plaintiff" or "Pinenda"), on the other hand. The Defendants and Pinenda may each be referred to as a "Party," or together, be referred to herein as the "Parties." This Amendment is effective as of the date on which it is executed by all Parties (the "Effective Date").

**WHEREAS,** Plaintiff has commenced an action against Defendants in the United States District Court for the Eastern District of New York (hereinafter the "Court") styled as <u>Gabino Umana Pinenda v. TNS Auto Collision, Inc., 63 Auto Body LLC, TNS Auto Group Inc., Parmeshwar Jugistir, and Wei Feng Zhu</u>, Case No.: 1:16-cv-3962 (RRM) (VMS) (the "Action"), alleging wage and hour violations under the Fair Labor Standards Act (hereinafter "FLSA") and the New York Labor Law (hereinafter "NYLL").

**WHEREAS,** the Parties mediated this action on July 12, 2017 and entered into a Mediation Agreement providing for a payment schedule as follows: (i) $20,000.00 within thirty days of receipt of an Order approving the settlement as fair and reasonable; (ii) $8,750.00 within sixty days of the first payment; and (iii) $8,750.00 within sixty days of the second payment;

**WHEREAS,** the Settlement Agreement and Release ("Agreement") provided for a different payment schedule, which was effectively as follows: (i) $20,000.00 within thirty days of receipt of an Order approving the settlement as fair and reasonable; (ii) $8,750.00 within thirty days of the first payment; and (iii) $8,750.00 within sixty days of the second payment;

**WHEREAS,** the Defendants assert that this was a mistake and that they had intended to follow the schedule as set forth in the Mediation Agreement;

**NOW THEREFORE,** in consideration of the mutual promises of the Parties, the receipt and sufficiency of which the Parties hereby acknowledge, having been represented by counsel and the Parties intending to be bound, do hereby agree to amend the Agreement as follows:

1. **Revised Payment Schedule.** The payment schedule set forth in ¶¶ 2(b)(i) through 2(b)(iii) is revised as follows:

    (i) a check made payable to Gabino Pinenda in the amount of Eighteen Thousand Seven Hundred Ninety Dollars and Zero Cents ($18,790.00) by **October 26, 2017** (subject to the requirements set forth in ¶ 2(c) of the Agreement), and a check made payable to William Cafaro, PC in the amount of One Thousand Two Hundred Dollars and Zero Cents ($1,210.00) to be mailed by Friday, October 20, 2017, contingent upon receipt of W-9 from William Cafaro, PC, and execution of this Amendment;

      **(ii)** a check made payable to Gabino Pinenda in the amount of Five Thousand Dollars and Zero Cents ($5,000.00) by **December 25, 2017** (subject to the requirements set forth in ¶ 2(c) of the Agreement), and a check made payable to William Cafaro, PC in the amount of Three Thousand Seven Hundred Fifty Dollars and Zero Cents ($3,750.00) by December 25, 2017; and

      **(iii)** a check made payable to William Cafaro, PC in the amount of Eight Thousand Seven Hundred Fifty Dollars and Zero Cents ($8,750.00) by **February 23, 2018**.

2. **All Other Provisions of Agreement Remain; Conflicts.**

    a. All other provisions of the Agreement remain in full force and effect.

    b. To the extent there are any conflicts between the Agreement and the Amendment, the Amendment prevails.

3. **Default Provisions in Agreement.** The default provisions contained in ¶ 3(c) of the Agreement remain in full force and effect except that the dates set forth in ¶¶ 1(i) through 1(iii) of this Amendment control.

4. **Voluntary Agreement to Amendment.** By signing in the space provided below, the Parties agree and affirm that:

    a. They have been advised to and have carefully read and fully understand all of the provisions of this Amendment;

    b. This Amendment is legally binding;

    c. No promise or representation of any kind or character has been made by either Party or by anyone acting on their behalf to induce either Party to enter into this Amendment, and neither Party has not been forced or pressured in any way to sign this Amendment;

    d. The Parties knowingly and voluntarily agree to all of the terms set forth in this Agreement, and intend to be legally bound by them.

**TNS Auto Collision, Inc.**

By: _____  DATE: 11 / 17 / 17
    Wei Feng Zhu
Its: President

**63 Auto Body LLC**

By: _____  DATE: ___/___/___
   Parmeshwar Jugistir
Its: Managing Member

**TNS Auto Group Inc.**

By: _____  DATE: 11/17/17
   Wei Feng Zhu
Its: President


_____  DATE: ___/___/___
Parmeshwar Jugistir


_____  DATE: 11/17/17
Wei Feng Zhu


_____  DATE: 11/16/2017
Gabino Umana Pinenda

63 Auto Body LLC

By: _____[signature]_____     DATE: 11 / 17 / 17
    Parmeshwar Jugistir
Its: Managing Member

TNS Auto Group Inc.

By: _____     DATE: ___ / ___ / ___
    Wei Feng Zhu
Its: President

_____[signature]_____     DATE: 11 / 17 / 17
Parmeshwar Jugistir

_____     DATE: ___ / ___ / ___
Wei Feng Zhu

_____[signature]_____     DATE: 11 / 16 / 2017
Gabino Umana Pinenda

3